**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DANIEL CORNELIUS,

             Petitioner,

        v.

STEPHEN D'ILIO, et al.,

           Respondents.

Civil Action No. 14-1594 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on Petitioner's motion brough pursuant to Rule 60(b) which seeks to vacate Judge Simandle's 2018 order and opinion denying Petitioner's habeas petition. (ECF No. 19.) For the following reasons, Petitioner's motion is dismissed as both untimely filed under Rule 60(c) and as an improper successive habeas petition filed without leave of the Court of appeals.

## I.    BACKGROUND

In March 2014, Petitioner filed a habeas petition in this Court. (ECF No. 1.) He thereafter filed an amended habeas petition. (ECF No. 3.) Following briefing of that petition, the late Judge Simandle issued an order and opinion on April 30, 2018, which denied the petition and denied Petitioner a certificate of appealability. (ECF Nos. 11-12.) As part of that opinion, Judge Simandle rejected Petitioner's claim that his trial and appellate counsel proved ineffective in failing to seek to enforce a guilty plea Petitioner contended he had entered in 2004, finding that the record of the

state court proceedings was devoid of any evidence of such a plea or even a consummated plea agreement. (*Id.*) Petitioner appealed, but the Third Circuit denied him a certificate of appealability in December 2018. (ECF No. 17.)

Five years after the denial of his habeas petition, Petitioner filed his current motion pursuant to Rule 60(b). (ECF No. 19.) In his motion, Petitioner contends that he has now discovered a purported transcript of the alleged plea which would undermine Judge Simandle's conclusions in the April 2018 opinion. (*Id.*) Petitioner also contends that the state's contention that no such transcript existed – a conclusion which was supported by the available state court record before the alleged discovery of the missing transcript by Petitioner in June 2022 – amounts to a fraud on the court. (*Id.*)

## II.     **LEGAL STANDARD**

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). While Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons including newly discovered evidence, fraud or mistake, Rule 60(b)(6) permits a party to seek relief form a final judgment for "any . . . reason that justifies relief." "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without

relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

## III.   **DISCUSSION**

In his current motion, Petitioner seeks to challenge via Rule 60(b) an order and opinion entered by Judge Simandle five years ago.  Petitioner does not explicitly state which subsection of 60(b) he relies upon, but his motion presents two chief bases for relief: newly discovered evidence which was not available prior to his appeal and alleged fraud on the court by the state in failing to provide the purported transcript.  Claims raising newly discovered evidence not available during the time frame for the filing of a motion for reconsideration under Rule 59 are governed by Rule 60(b)(2), and claims of fraud are governed by Rule 60(b)(3).  Pursuant to Rule 60(c)(1), however, a "motion under Rule 60(b) must be made within a reasonable time – and [if brought pursuant to Rule 60(b)(1), (2), or (3)] no more than a year after the entry of the judgment or order or the date of the proceeding."  Where a motion fits the criteria set out in Rule 60(b)(1), (2), or (3), the one year time limit applies regardless of whether the petitioner seeks to frame his petition as if brought pursuant to the more general Rule 60(b)(6).  *See Kemp v. United States*, --- U.S. ---, ---, 142 S. Ct. 1856, 1863-65 (2022).  Because Petitioner's motion relies on a combination of newly discovered evidence and alleged fraud on the court by the State, his motion arises under Rule 60(b)(2) and (b)(3), and is therefore subject to the one year limitation period.  *Id.*; *See* Fed. R. Civ. P. 60(c).  Petitioner's motion was not filed until May 2023, more than five years after the entry of judgment in this matter.  It is therefore clearly untimely and must be dismissed as such.[1]

---

[1] Even if the Court could consider Petitioner's motion under Rule 60(b)(6), it would still be untimely.  Under that subsection, a motion must be filed within a "reasonable time," the length of

Putting aside the issue of timeliness, in his motion Petitioner seeks to submit new evidence in support of a claim that was previously denied. However, as the Supreme Court explained in *Gonzalez*, where a Rule 60(b) motion presents alleged newly discovered evidence in support of a previously denied claim, that filing will essentially be a second or successive habeas petition. 545 U.S. at 531-32. A habeas petitioner, however, may not file a second or successive habeas petition in the District Court without first seeking and being granted leave to do so by the appropriate Court of Appeals. *Id.* at 530-31; 28 U.S.C. § 2244(b)(3). Where a District Court is faced with what is, in fact, a second or successive habeas petition brought without leave of the Court of Appeals, the Court must dismiss that petition or transfer it to the Court of Appeals if doing so would be in the interests of justice under 28 U.S.C. § 1631. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A transfer will only be in the interests of justice where the presented successive filing presents a prima facie claim for relief which would fit the requirements for granting leave – i.e. that the petitioner's claim relied either on a new rule of constitutional law or rests on newly discovered evidence not previously discoverable through due diligence *and* that newly discovered

---

which will depend on factors including "finality, the reason for the delay, the practical ability of the litigant to learn of the grounds relied upon earlier, and potential prejudice to the parties." *See In Re Diet Drugs(Phentermine/Fenfluramine/Dexfenfluramine) Product Liability Litigation*), 383 F. App'x 242, 246 (3d Cir. 2010). Although not expressly subject to the one year limitations period applicable to Rule 60(b)(1)-(3), the Third Circuit has held that a motion filed a year after judgment will be untimely where the cause for the delay is insufficient. *Id.* Indeed, the Third Circuit has at times upheld the dismissal of a Rule 60(b) motion as untimely where it was filed as little as nine months after the judgment. *See Bank of Am., N.A. v. Westheimer*, 683 F. App'x 145, 151 (3d Cir. 2017). Here, Plaintiff took over five years to file his motion. Even assuming his "newly discovered evidence" was not previously discoverable with due diligence until he obtained a transcript copy in June 2022, he still waited nearly a year before filing his motion after that transcript was prepared. Given the lack of explanation of any efforts on Petitioner's part to obtain the transcript earlier, or explanations for why he could not have produced the same result in quicker fashion, and the lack of any explanation for why it took nearly a year after obtaining the transcript, this Court cannot conclude that Petitioner's motion was filed within a reasonable time even if it were not subject to the one year limitation discussed above. Thus, regardless of which subsection gives rise to Petitioner's motion, it is untimely filed and must be dismissed.

evidence "would be sufficient by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. *See See Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. May 21, 2010); *see also* 28 U.S.C. § 2244(b)(2). Petitioner's claim, which seeks to show ineffective assistance of counsel in failing to press an alleged guilty plea, does not rely on a new rule of constitutional law, and though it purports to be based on newly discovered evidence, does not attempt to show in any way that no reasonable factfinder could have found him guilty.[2] It does not cleanly fit the requirements of § 2244(b)(2), and this Court therefore finds that a transfer would not be in the interests of justice. Thus, even if Petitioner's Rule 60(b) motion were timely filed, it would still have to be dismissed as it is, in effect, a second or successive habeas petition brought without leave of the Court of Appeals.

## IV.   **CONCLUSION**

In conclusion, Petitioner's motion (ECF No. 19) is dismissed as both untimely filed under Rule 60(c) and as an improper successive habeas petition filed without leave of the Court of appeals. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

[2] Although this Court will not transfer Petitioner's motion, Petitioner may, if he so chooses, file a request for leave to file a successive habeas petition with the Court of Appeals and the dismissal of his motion is without prejudice to such a filing.